O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA GRIGORYAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK,<br><br>　　　　　　Defendant. | Case No.　CV 11-9776 ODW (AGRx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**<br><br>**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT BY THE COURT** |

## I.    INTRODUCTION

This case concerns a credit card account that was opened in the name of Plaintiff Aida Grigoryan ("Plaintiff") in 2006.  Plaintiff alleges that defendant Chase Bank USA, N.A. ("Chase") violated the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), with respect to this account.

On March 9, 2012, Defendant moved for summary judgment against Plaintiff's Complaint, raising several arguments.  (Dkt. No. 12.)  First, Defendant argues that Plaintiff's Complaint is barred by the two-year statute of limitations that applies to claims brought under the FCRA.  Second, Defendant argues that it properly investigated the account and determined that Plaintiff is responsible for the account.  Third, Defendant argues that Plaintiff has not served any initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a) and is therefore precluded from presenting any evidence in opposition to the motion for summary judgment.

Preliminarily, the Court notes that Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

The hearing on Defendant's motion was set for April 9, 2012. Plaintiff's opposition was therefore due by March 19, 2012. As of the date of this Order, Plaintiff has not filed an opposition, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court has carefully considered Defendant's arguments in support and, for the reasons discussed below, hereby **GRANTS** Defendant's Motion for Summary Judgment. The April 9, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

## II.   BACKGROUND

On or about January 25, 2006, Washington Mutual Bank issued a credit card account in the name of Plaintiff Aida Grigoryan. Defendant has since acquired this account from Washington Mutual Bank. The billing statements for the account reflect that charges and payments were made to the account over a period from March 22, 2006 through October 27, 2008.

On or about March 3, 2009, approximately four months after the last payment was made to the account, Plaintiff sent a letter to Chase in which she claimed that the account was fraudulent and that she had never opened or benefitted from the account. Chase investigated Plaintiff's fraud claim and, on May 12, 2009,

Chase sent Plaintiff a letter informing her that her fraud claim had been rejected. Among other things, Chase's denial of Plaintiff's fraud claim was based on the following business records for the account:

(i) a signed application for the account;

(ii) the billing statements for the account, which reflect more than two years' worth of charges and payments to the account;

(iii) records of checks that were submitted in payment for the account and were drawn on a Washington Mutual Bank checking account in Plaintiff's name;

(iv) the master account agreement for that Washington Mutual Bank checking account, which bears the same home address, date of birth, social security number, and personal phone number as were handwritten onto the application for the credit card account as to which Plaintiff claimed fraud; and

(v) records of checks that were submitted in payment for the account and drawn on a Bank of America checking account in Plaintiff's name.

Plaintiff filed her Complaint in this action on October 26, 2011, alleging that Chase had violated the FCRA over a period from March 1, 2009 through August 10, 2011, and that she is entitled to monetary damages. Plaintiff participated in the preparation of the joint report for the scheduling conference, but Chase notes that she has not served any initial disclosures pursuant to Rule 26(a).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those necessary to the proof or defense of a claim, as

determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.").

## IV. ANALYSIS

Chase first argues that Plaintiff's action is barred by the FCRA's two-year statute of limitations. 15 U.S.C. § 1681p provides that an action for violation of the FCRA must be brought not later than the earlier of two years after the date of discovery by plaintiff of the violation that is the basis for liability, or five years after the date on which the violation that is the basis for the liability occurred. 15 U.S.C. § 1681p; *Sweitzer v. Am. Express*, 554 F. Supp. 2d 788 (S.D. Ohio 2008).

Chase bases this argument on several documents. First, Chase relies on the March 1, 2009 date that Plaintiff included in her complaint. Exhibit A to Chase's Notice of Removal (Docket Document No. 1). Second, Chase points to the dispute letter that Chase received from Plaintiff on March 3, 2009, in which she disclaimed responsibility for the account and asserted that it had been fraudulently opened and used without her knowledge. Exhibit G (Letter from Plaintiff to Chase bearing March 3, 2009 date-stamp) to the Declaration of Evelyn L. Ford filed in support of the motion (the "Ford Decl."). Third, Chase relies on a signed and notarized affidavit that Plaintiff sent to Chase on December 27, 2010, in which Plaintiff identifies January 11, 2009 as the date on which she claims to have discovered that her personal information had been used by someone else. Exhibit K (Plaintiff's December 27, 2010 letter, with enclosures, to Chase) to Ford Decl.

These documents establish that Plaintiff was aware of the basis for her claim in this action no later than March of 2009. Plaintiff initiated this action on October 26, 2011, which is more than two years later. This action is therefore time-barred pursuant to 15 U.S.C. § 1681p. The Court therefore **GRANTS** Chase's motion for summary judgment on that ground.

Although Chase's statute of limitations argument is dispositive, the Court also finds that Chase has met its initial burden of establishing the absence of any genuine issue of material fact as to the issue of whether Chase violated the FCRA in connection with its investigation of Plaintiff's fraud claim and its decision to hold Plaintiff responsible for the account. Chase produced substantial evidence from its business records for the account, including a signed application for the account, billing statements, copies of more than two dozen checks submitted in payment on the account, and a signed account agreement for the checking account on which many of those checks were drawn. Exhibits A (Account Application), C (Billing Statements), D (Washington Mutual Check Images); E (Washington Mutual Checking Account Agreement), and F (Bank of America Checks) to Ford Decl. The signed checking account agreement contains much of the same personal information that can be found in the signed application for the credit card account that is at issue in this action. Exhibit E (Washington Mutual Checking Account Agreement) to Ford Decl. These documents establish that Chase correctly reported the account to the credit reporting agencies as belonging to Plaintiff.

Chase also argues that Plaintiff should be precluded from presenting evidence in opposition to this motion based on her failure to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). To avoid a sanction under Federal Rule of Civil Procedure 37, a plaintiff must prove that its non-disclosure was "harmless" or excused by "substantial justification." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001). Chase argues that the non-disclosure is neither harmless nor substantially

justified because the discovery cut-off date has passed, and because Plaintiff has also, without notice or explanation, failed to appear for her noticed deposition. Plaintiff has not met her burden of proving that her non-disclosures was harmless or excused by substantial justification and an evidence-preclusion sanction pursuant to Rule 37 would be warranted except for the fact that Chase's statute of limitations argument already disposes of the action.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment. This action is therefore **DISMISSED WITH PREJUDICE**.

Dated: March 26, 2012

_____
THE HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE